*Fox, for appellant.*

————, *for appellee.*

---

WILLIAM CHILDERS *v.* JAMES C. BARNES, ETC.

**Homestead—Proceeds—Depositing as Surety for Debt and Costs.**

Where a debtor was arrested under Civ. Code, ch. 1, art. 8, and was released on depositing in the hands of the sheriff as surety for the debt and costs, a sum of money in lieu of bail, under section 186 of the Code, which was the proceeds of defendant's homestead which had been sold under execution by the sheriff, and the proceeds were paid the defendant to purchase another homestead, an order of return of such money to the defendant was erroneous.

APPEAL FROM CALDWELL CIRCUIT COURT.

December 8, 1872.

OPINION BY JUDGE HARDIN:

This action was brought by the appellant for the recovery of $358.84, which, as he allges, he had paid as the surety of J. C. Barnes, Lish & Luncke, partly in money to the sheriff, and partly by a sale of his property under execution; and the plaintiff having obtained an order of arrest against the defendant under Chapter I of Article 8 of the Civil Code of Practice, and he being in the custody of the sheriff, was released by depositing in the sheriff's hands $378.84 as surety for the debt and costs in lieu of bail under Section 186 of the Code.

By the judgment of the court the justness of the plaintiff's claim and the grounds of arrest were sustained; nevertheless, the court adjudged a restitution of the principal part of the money deposited, on the application of Barnes and his wife, made on the alleged facts, that the money was the proceeds of the defendant's homestead, which had been sold by the sheriff under execution, the homestead being valued under Section 4 of the exemption law of 1866 (Myers Supplement 714), and its proceeds paid to the defendant to enable him to purchase another homestead. This appeal is from that order of restitution.

The evidence is not conclusive of the fact that the money deposited was acquired and held by the defendant as alleged by him, but conceding that it was, as the evidence conduces to prove, and that he and his family had such an interest in the homestead as he could not have released or waived except in the mode provided in the statute; and that he might have been restrained at the instance of his wife from depositing the money in lieu of bail, as a misappropriation of it, yet we are of the opinion that as the law invested him with the money, and the sheriff was bound by an express provision of the Code of Practice to accept the deposit when offered, and release him from custody, thus affecting the means which the appellant had lawfully obtained of securing his debt, the order of restitution virtually defeating the appellant's remedy, is erroneous and can not be sustained.

However important may be the provisions of the homestead act to the families of unfortunate debtors, we see no sufficient reason for giving that act such a construction as to render an express provision of the Code of Practice ineffectual, and in this case to sub-

ordinate the rights of the appellant to the equitable claims of the appellee's family under the homestead act.

Wherefore, the judgment of restitution is reversed and the cause remanded for a judgment in conformity to this opinion. Judge Pryor dissents.

*Duvall, Marble, for appellant.*

*Bradley & Darby, for appellees.*